

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2006

# Speight v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2841

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Speight v. Nash" (2006). *2006 Decisions*. Paper 126.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/126

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

that decision. The Court further noted that Speight did not appeal the denial of his

subsequent motion filed pursuant to 28 U.S.C. § 2255. Concluding that Speight could

not use § 2241 to raise his claims, the District Court dismissed his petition. Speight

appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. After a careful review of the

record, we will summarily affirm the order of the District Court, as no substantial

question is presented by this appeal. See Third Circuit LAR 27.4 and I.O.P. 10.6.

A motion filed pursuant to 28 U.S.C. § 2255 is the presumptive means by which

a federal prisoner can challenge the validity of his conviction or sentence. See Davis v.

United States, 417 U.S. 333, 343 (1974); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir.

1997). Section 2241, by contrast, generally permits a federal prisoner to challenge the

execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001).

A petitioner can seek relief under § 2241 only if the remedy provided by § 2255 is

inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; In

re Dorsainvil, 119 F.3d at 249-51. We have applied this "safety valve" language only in

the rare situation where a prisoner has had no prior opportunity to challenge his

conviction for a crime that an intervening change in substantive law may negate. Id.

on appeal. See Speight v. Nash, D. N.J. Civ. No. 05-319 (FLW); Speight v. Nash, C.A. No. 05-2011(judgment entered May 31, 2005). As this Court has previously affirmed the District Court's holding that it lacked jurisdiction to consider Speight's arguments, it follows that the District Court similarly lacked jurisdiction to consider the identical arguments brought in the instant petition. We will therefore summarily affirm the District Court's order.